IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**MELISSA DESKINS**
*Plaintiff (s),*

FILED

JUL 1 2 2018

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

*v.*

CIVIL ACTION NO.: **18-C-705**

Civil Action No. 2:18-1109

**SOUTHERN WEST VIRGINIA COMMUNITY & TECHNICAL COLLEGE**
*Defendant (s).*

Received from Cathy S. Gatson, Kanawha County Circuit Clerk, the record in the above captioned matter, transferring same to the United States District Court for the Southern District of West Virginia. I have inspected the index of the record and agree it is an accurate list of documents I have received from the Kanawha County Circuit Clerk's Office.

_____

**Please sign and return to the
Kanawha County Circuit Clerk's Office
111 Court Street
Charleston, WV 25301**

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MELISSA DESKINS,

    *Plaintiff,*

v.

                              Civil Action No. 18-C-705
                              Honorable Judge Tod J. Kaufman

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE

    *Defendants.*

## REMOVAL ORDER

Based on the representations of counsel, this matter has been removed to the United

States District Court. Therefore, this matter is hereby **REMOVED** to the United States District

Court for the Southern District of West Virginia and **DISMISSED** and **STRICKEN** from the

docket of this Court.

The Circuit Clerk is hereby **ORDERED** to transfer the pleadings in this matter to the

Clerk of the United States District Court for the Southern District of West Virginia (Charleston)

and shall send a certified copy of this Order to the following:

Kenneth E. Webb, Jr., Esq.               Mark A. Toor, Esq.
Bowles Rice, LLP                      10 Hale Street, 2nd Floor
P.O. Box 1386                         Charleston, WV 25301
Charleston, WV 25325

Enter this Order the 6th day of July, 2018.

                                  Tod J. Kaufman, Circuit Court Judge for
                                  Kanawha County

1

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF
CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA



MELISSA DESKINS,

      Plaintiff,

v.

                                     Civil Action No. 18-C-705
                                     Judge Kaufman

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE

      Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

      Notice is hereby given in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, that Southern West Virginia Community and Technical College, the defendant in the above-styled action, has this date filed with the Clerk of the United States District Court for the Southern District of West Virginia a Notice of Removal for the removal of this action to the United States District Court. A copy of the Notice of Removal is attached hereto as Exhibit A.

      You are further notified that the original of this Notice and a copy of the Notice of Removal have been filed with the Clerk of the Circuit Court of Kanawha County, West Virginia.

      Under the applicable provisions of the United States Code, as amended, the above-styled action has now been removed to the United States District Court for the Southern District of West Virginia and no further proceedings in this action can be had in the Circuit Court of Kanawha County, West Virginia, unless and until the case is remanded.





SOUTHERN WEST VIRGINIA
COMMUNITY AND TECHNICAL COLLEGE,

*By Counsel,*

Kenneth E. Webb, Jr., Esq. (WVSB #5560)
Canon B. Hill, Esq. (WVSB #13300)
Bowles Rice LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25325-1386
Tel: (304) 347-1100
Fax: (304) 347-1756

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MELISSA DESKINS

      Plaintiff,

v.                                                    Civil Action No. _____

                                              Judge _____ _____

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE

      Defendant.

### NOTICE OF REMOVAL

      Defendant Southern West Virginia Community and Technical College ("Defendant"), by counsel, hereby gives notice pursuant to 28 U.S.C. § 1446 that this action is being removed from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia. The following are the grounds for removal:

      1.      On or about June 4, 2018, Plaintiff served the Complaint, commencing the above-captioned proceeding in the Circuit Court of Kanawha County, West Virginia (Civil Action No. 18-C-705), on Defendant through the West Virginia Secretary of State. In Plaintiff's Complaint, she alleges violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq.).

      2.      No further proceedings have taken place since the date of service of the Summons and Complaint on Defendant. Attached as Exhibit A are true and legible copies of the docket sheet and all process, pleadings and papers in this action.

### Federal Question

3.      This action is removable pursuant to 28 U.S.C. §§ 1331 and 1441. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4.      Plaintiff's complaint consists of allegations of wage and hour violations that arise under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.SC. §201, et. seq.). District courts have original jurisdiction over FLSA claims and therefore FLSA claims may be properly removed to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693 (2003). Because Plaintiff's claims under the FLSA arise under the laws of the United States, they fall within the Court's original jurisdiction and may be removed under 28 U.S.C. § 1441(a).

5.      Without admitting the validity of Plaintiff's claims or the sufficiency of Plaintiff's allegations, Defendant asserts that the claims present a substantial federal question.

6.      This Notice of Removal is filed within thirty (30) days after service of the initial pleadings setting forth the claim for relief. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

6.      Venue is proper in this Court because the Southern District of West Virginia encompasses Kanawha County where the state court action is pending.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be promptly filed with the Circuit Court of Kanawha County, West Virginia, along with a Notice of Filing of Notice of Removal, a copy of which is attached as Exhibit B.

13.    A copy of this Notice of Removal, with exhibits, has been served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

14.    By filing this Notice of Removal, Defendant does not waive any defense to Plaintiff's Complaint.

WHEREFORE, Defendant Southern West Virginia Community and Technical College has removed this action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia.

Dated this 3rd day of July, 2018.

SOUTHERN WEST VIRGINIA
COMMUNITY AND TECHNICAL COLLEGE,

*By Counsel,*

/s/ Kenneth E. Webb, Jr.
Kenneth E. Webb, Jr., Esq. (WVSB #5560)
Canon B. Hill, Esq. (WVSB #13300)
Bowles Rice LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25325-1386
Tel: (304) 347-1100
Fax: (304) 347-1756

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

2018 JUL -3 AM 11

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

MELISSA DESKINS

    Plaintiff,

v.                                                          Civil Action No. _____

                                         Judge _____

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE

    Defendant.

## CERTIFICATE OF SERVICE

    I, Kenneth E. Webb, Jr., counsel for Defendants Southern West Virginia Community and Technical College, do hereby certify that on **July 3, 2018,** I electronically filed the foregoing *"Notice of Removal"* using the CM/ECF system which will send notification of such filing to the following attorneys at the e-mail address on file with the Court:

        Mark A. Toor
        10 Hale Street, 2nd Floor
        Charleston, West Virginia 25301
        *Counsel for Plaintiff*

        /s/ Kenneth E. Webb, Jr.
        Kenneth E. Webb, Jr., Esq. (WVSB #5560)

10223476.2

Case 2:18-cv-11111    Document 960-1    Filed 07/03/18    Page 1 of 2 PageID #: 29542

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

FILED

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Melissa Deskins | Southern Western Virginia Community and Technical College |

2018 JUL -3 A 11: 11

CATHY S. GATSON, CLERK
KANAWHA COUNTY

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Mark A. Toor, 10 Hale Street, 2nd floor, Charleston, West Virginia 25301 | Kenneth E. Webb, Jr., Canon B. Hill, Bowles Rice LLP, 600 Quarrier Street, Charleston, West Virginia 25301 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine    Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | | | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | Medical Malpractice | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act | | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331, 1441

Brief description of cause:
Alleged violations of the Fair Labor Standards Act

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions)* JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 07/03/2018 | /s/ Kenneth E. Webb, Jr. |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

[ Print ]    [ Save As... ]    [ Reset ]

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

CASE 18-C-705                    KANAWHA              PAGE   1

MELISSA DESKINS           vs.   SOUTHERN WEST VIRGINIA COMMUNI

LINE  DATE      ACTION

1  05/29/18   # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 2 CPYS; F FEE; RCPT
2            # 562028; $200.00; MOT FOR CONDITIONAL CERTIFICATION; MEMO OF
3            # LAW IN SUPP OF MOT; AFD IN SUPP OF MOT
4  06/06/18   # LET FR SS DTD 6/4/18; SUM W/RET (6/4/18 SS) AS TO SOUTHERN
5            # WV COMMUNITY & TECHNICAL COLLEGE

EXHIBIT
A

A TRUE COPY
TESTE: _Cathy S. Gatson, Clerk_
CIRCUIT COURT KANAWHA COUNTY, W.VA.

IN THE CIRCUIT COURT OF _____ KANAWHA _____ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**FILED**

**I. CASE STYLE:**

Case No. 18-C-705

Judge: Kaufmer

2018 MAY 29 P 2: 31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**Plaintiff(s)**

MELISSA DESKINS

vs.

**Defendant(s)**

SOUTHERN WEST VIRGINIA COMMUNITY

Name

and TECHICAL COLLEGE,

Street Address

2900 Dempsey Branch Road Mt. Gay, WV  25637

City, State, Zip Code

**Days to Answer**   30

**Type of Service**   Secretary of State

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2019

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name: Mark A. Toor (WVSB #5228)

Firm: Mark A. Toor, Esq.

Address: 10 Hale Street, 2nd Floor, Charleston, WV  25301

Telephone: (304) 380-2111

[ ] **Proceeding Without an Attorney**

Representing:
- [✓] Plaintiff   [ ] Defendant
- [ ] Cross-Defendant   [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant

Original and ___1___ copies of complaint enclosed/attached.

Dated: 05 / 25 / 2018   Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**

PYMT Type
Rcpt # 562028    $200 X $135___
Iss. Sum. +2 cc    No Sum. Iss
___Ret. to Atty.    $20cm X ___
___Mailed CM/RM    X $5 clk X [
X Mailed to sos w/ck# 44973
___Sent to ___ w/ck# ___    $15 mdf X

SCANNED

**IN THE CIRCUIT COURT OF** _____ **KANAWHA** _____ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
(Civil Cases Other than Domestic Relations)

**FILED**

**I. CASE STYLE:**

**Plaintiff(s)**

MELISSA DESKINS

Case No. 18-C-705

Judge: Kaufman

2018 MAY 29 P 2:31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**vs.**

**Defendant(s)**

SOUTHERN WEST VIRGINIA COMMUNITY
Name

and TECHICAL COLLEGE,
Street Address

2900 Dempsey Branch Road Mt. Gay, WV  25637
City, State, Zip Code

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2019

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

Attorney Name:  Mark A. Toor (WVSB #5228)

Firm: Mark A. Toor, Esq.

Address: 10 Hale Street, 2nd Floor, Charleston, WV  25301

Telephone: (304) 380-2111

[ ] **Proceeding Without an Attorney**

**Representing:**
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and ___1___ copies of complaint enclosed/attached.

Dated: 05 / 25 / 2018    Signature: _____

PYMT Type X
Rcpt # 5620858        $200 X  $135___
Iss. Sum. +2 cc        No Sum. Iss
      Rct. to Atty.        $20cm X
      Mailed CM/RM    X$5 clk X
X Mailed to sos w/ck# 44973
__ Sent to _____ w/ck# _____    $15 mdf X __

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**

IN THE CIRCUIT COURT OF ___KANAWHA___ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**FILED**

**I. CASE STYLE:**

Case No. 18-C-705

Judge: Kaufman

**Plaintiff(s)**

MELISSA DESKINS

2013 MAY 29 P 2:31

vs.

**Defendant(s)**

SOUTHERN WEST VIRGINIA COMMUNITY
Name

and TECHICAL COLLEGE,
Street Address

2900 Dempsey Branch Road Mt. Gay, WV 25637
City, State, Zip Code

**Days to Answer**  30

**Type of Service**  Secretary of State

---

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

---

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2019

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

---

Attorney Name: Mark A. Toor (WVSB #5228)

Firm: Mark A. Toor, Esq.

Address: 10 Hale Street, 2nd Floor, Charleston, WV 25301

Telephone: (304) 380-2111

[ ] Proceeding Without an Attorney

**Representing:**
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

---

Original and ___1___ copies of complaint enclosed/attached.

Dated: 05 / 25 / 2018    Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 12/2015

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA **FILED**

**MELISSA DESKINS,**
    **Plaintiff,**

    **v.**

Civil Action No. 16-C-706

2018 MAY 29 P 2:31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Judge Kaufman

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
    **Defendant**

## COMPLAINT

Plaintiff, Melissa Deskins, ("Plaintiff") brings this action to recover damages for herself and on behalf of others similarly situated to her, for unpaid overtime under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*) (hereafter referred to as "the Act" or "FLSA").

1.    Subject matter jurisdiction over this action is conferred on this court by Section 16 of the Act (29 U.S.C. §216).

2.    Plaintiff is a resident of Logan County and was, at all times relevant, an "Employee" of Defendant as that term is defined in the Act (29 U.S.C. §203(e)) and "non-exempt" from the Act's maximum hour/minimum wage provisions.

3.    Defendant Southern West Virginia Community and Technical College ("Southern") is an agency of the State of West Virginia under the aegis of the higher education system for the State of West Virginia (*West Virginia Code* §18B-1-101 *et seq.*) and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)).

4.    Upon information and belief, Southern is subject to "Enterprise Coverage" under the Act because it engages in activities for a business purpose and has annual sales or business done at the level of at least $500,000.

5.     Upon information and belief, other FLSA non-exempt employees of Defendants, in addition to Plaintiff, have been improperly compensated by Defendants in a manner similar or identical to the manner in which Plaintiff contends she has been improperly compensated under the FLSA.  Under 29 U.S.C. §216(b), these other employees are "similarly situated" to Plaintiff for purposes of this litigation.

6.     Plaintiff worked in a position in Defendant's Human Resources Department for approximately the last three years of her employment with Defendant, which ended on April 27, 2018.

7.     At all times during the course of her employment with Southern, Plaintiff and the position she filled were considered by Southern to be "non-exempt" from the minimum wage/maximum hour provisions of the Act.

8.     At no time during the course of her employment with Southern did Plaintiff perform job duties that regularly and consistently met any of the criteria or conditions necessary to exempt her from the minimum wage/maximum hour requirements of the Act (29 U.S.C. §213).

9.     Throughout the entirety of her employment tenure with Southern, Plaintiff was consistently paid a weekly salary with either no, or legally insufficient, premium pay for hours over forty (40) worked in any one workweek.

10.     Throughout the tenure of her employment, Plaintiff consistently worked in excess of forty (40) hours in any one workweek without being paid compensation on an hourly basis at one and one-half times her regular hourly rate for all such hours worked.

11.     Defendants never recorded actual hours worked by Plaintiff—nor did they require Plaintiff herself to record actual hours worked—at any time during the tenure of Plaintiff's employment in violation of the terms of the Act. 29 U.S.C. §211(c).

12.     Southern—and, in particular, Southern's Chief Financial Officer, Sam Litteral—knowingly and deliberately suffered and permitted Plaintiff to work hours in excess of forty (40) in one week while knowingly and deliberately failing to pay Plaintiff legally-required overtime rates.

13.     Upon information and belief, the same policies, protocols, practices and procedures that resulted in Plaintiff not recording actual hours worked and not being properly paid for hours over forty at premium rates has affected other, non-exempt employees of Southern who are not recording actual hours worked and being similarly deprived of overtime pay.  Specifically, Plaintiff has communicated and confirmed with no fewer than two other current non-exempt Southern employees that each regularly works and has worked outside of the normal working schedule with the specific knowledge of Litteral and each has received Litteral's either explicit or tacit direction that he would not approve pay for the overtime hours worked.

14.     Southern maintains a four (4) day workweek, requiring non-exempt employees to work nine and one-half (9.5) hours each day from Monday-Thursday (for a total of 37.5 hours).  Non-exempt employees are not regularly scheduled or expected to work on Fridays, Saturdays or Sundays.

15.     There exist—and Plaintiff and other non-exempt employees expect to obtain and to produce through discovery—extensive e-mail communications between Litteral/other Southern managers/supervisors and non-exempt employees of Southern demonstrating

Southern, Litteral and other supervisors suffering and permitting those non-exempt employees to work on Fridays, Saturdays, Sundays and after normal working hours on other days, all without compensation for hours over forty (40) in one workweek at premium rates. Upon information and belief, some of that documentation will verify the knowing and willful nature of Southern and Litteral's scheme to avoid the requirements of the FLSA.

16.    Plaintiff has suffered damages recoverable under the FLSA for Southern's failure to pay hours she worked over forty/week at premium rates. Upon information and belief, other Southern employees and former employees similarly situated to Plaintiff have suffered damages recoverable under the FLSA for Southern's violations of that law.

**WHEREFORE**, having stated her complaint against Defendant, Plaintiff seeks relief and judgment from Defendant as follows:

a. An order granting the accompanying Motion for Conditional Certification of FLSA Collective Action;

b. An order entered pursuant to 29 U.S.C. §216(b) finding Defendant liable to Plaintiff, and all similarly situated plaintiffs who may opt-in to the collective action, for all damages she has suffered as the result of its failure to pay overtime at premium rates and any resulting denial of overtime wages she should have received; liquidated damages in an amount equal to her actual damages, and; attorney fees, costs and interest associated with the pursuit of this action.

c. Plaintiff seeks damages recoverable within a three (3) year window based on Defendant's knowing and deliberately violations of the Act.

d.  Such other relief as the court may deem proper.

Plaintiff demands a jury trial.

MELISSA DESKINS
By Counsel

_____
Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV  25301
304-380-2111
mark@marktoor.com

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA FILED

MELISSA DESKINS,
on behalf of herself and others
similarly situated,
    Plaintiff,

2018 MAY 29 P 2: 31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Civil Action No. 18-C-705

    v.

SOUTHERN WEST VIRGINIA COMMUNITY
and TECHNICAL COLLEGE
    Defendant

## MOTION FOR CONDITIONAL CERTIFICATION
## AS A COLLECTIVE ACTION UNDER THE FLSA

Now comes Plaintiff, by counsel, and moves pursuant to 29 U.S.C. §216(b), for

conditional certification of this matter as a collective action under the Fair Labor

Standards Act ("FLSA") and for notice of the action and its underlying claims to

employees of Defendants who are similarly situated to Plaintiff.  In her complaint,

Plaintiff alleges Defendant failed to require employees not exempt from the minimum

wage/maximum hour provisions of the Act ("non-exempt employees") to record hours

worked in excess of forty (40) in individual workweeks and regularly failed to

compensation those non-exempt employees with enhanced overtime pay for hours over

forty (40) worked in a workweek.  Plaintiff moves for conditional certification of this

matter as a collective action on behalf of all similarly situated, FLSA non-exempt

employees of Defendants who have been negatively impacted by the same or similar

pay practices to those that have deprived Plaintiff of enhanced hourly rates for hours

worked in excess of forty each week.

As explained in the accompanying memorandum of points and authorities, this case

meets the standard for conditional certification as Plaintiff has shown that the proposed

class members are similarly situated pursuant to 29 U.S.C. § 216(b). Additionally, the

Court should authorize notice to the class, as court authorization of notice to the class in

a FLSA collective action serves the legitimate goal of avoiding a multiplicity of

duplicative suits and setting cutoff dates to expedite disposition of the action. Finally,

the court should approve the language of a notice and a protocol for distribution of that

notice to potential class members.


**WHEREFORE**, Plaintiff seeks conditional certification of this action as a collective

action under 29 U.S.C. §216(b), disclosures by Defendant necessary to provide notice

to class members, an appropriate protocol for the provision of notice to those members

and such other relief as the court may deem appropriate.

MELISSA DESKINS
By Counsel

_/s/ Mark A. Toor _____
Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV 25301
304-380-2111
mark@marktoor.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA** FILED

MS

2018 MAY 29 P 2: 31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**MELISSA DESKINS,**
**on behalf of herself and others**
**similarly situated,**
      **Plaintiff,**

      **v.**

Civil Action No. 18 C-705

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
      **Defendant**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR CONDITIONAL CERTIFICATION
## AS A COLLECTIVE ACTION UNDER THE FLSA

### Introduction with Background Facts

Through this action, Plaintiff seeks to collect significant amounts of unpaid overtime

wages from her former employer.  Plaintiff contends Defendant, a community and

technical college under the auspices of the West Virginia Community and Technical

College System/Higher Education Policy Commission, employed pay practices with the

Fair Labor Standards Act ("FLSA") by failing to pay overtime rates for all hours over

forty (40) worked in any one workweek.  29 U.S.C. §207(a)(1).  Extensive

communications with current and former employees in the other non-exempt positions

with Defendant and her knowledge of Defendant's practices from her position in the

Human Resources Department ("HR") lead Plaintiff to believe Defendant's FLSA-

violative overtime pay practices have affected most other non-exempt employees.

Plaintiff now seeks conditional certification and the issuance of a court-approved notice

to all of Defendant's FLSA non-exempt employees who may also have claims for unpaid

overtime.

### Background Facts

Plaintiff worked for Southern beginning in 2011 as a part-time secretary and moved into

the Finance Department in 2012 under the ultimate direction of Sam Litteral, Chief

Financial Officer.  Plaintiff began in Finance as an Accounting Assistant II and remained

in the position until March 2015.  Plaintiff bid into a higher paying position in the Human

Resources Department (Human Resources Representative) and held that position until

she quit effective April 27, 2018.  Each position Plaintiff held while at Southern is a

FLSA non-exempt position.


In her roles in the Finance and HR departments of Defendant, Plaintiff's work was

ultimately overseen by CFO Sam Litteral; during the last nine (9) months of her

employment, Plaintiff reported directly to Litteral after the head of the HR department

resigned.  Litteral seems to believe FLSA-compliance is a game of "gotcha" to be

played with the appropriate number of winks and nods.  *See,* Attached Affidavit of

Melissa Deskins.  One of Litteral's favorite refrains to the workforce is his legally

indefensible caveat that he did not have to pay for overtime work that was not approved

in advance.  This was a threat Litteral assured all non-exempt employees knew and

dared not buck.


Litteral would, either directly or through his secretary, deliberately assign work to non-

exempt employees to be performed on non-scheduled work days or after regular

working hours.  Litteral would impose such assignments with due dates/times rendering

it impossible to complete the assignment without devoting otherwise unscheduled work

time to the project. Based on either the oft-recited explicit threat from Litteral (that he would not pay for overtime work not approved in advance) or simply the long-running understanding of the non-exempt workforce that it was wasted effort, Plaintiff and other employees would not attempt to seek any additional compensation. The hypocrisy of Litteral's contradictory orders to the workforce—that they complete after-hours work he assigns to them their own time without his approval for overtime—will be on stark display upon the production of even a fraction of his e-mails on the topic.

### Justification for a Collective Action

The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay."'" *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981) (overruled on other grounds). In passing the FLSA, Congress intended to address long working hours that "are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." *Barrentine*, 450 U.S. at 739. Congress also recognized that allowing individual employees subject to the same illegal practices to bring claims collectively was both fair and efficient. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The FLSA provides for one or more employees to pursue an action in a representative capacity for "other employees similarly situated." Id., 29 U.S.C. § 216(b). (Plaintiff's accompanying Affidavit outlines the detailed facts that demonstrate how she and Defendants' other non-exempt home care providers are similarly situated).

### **"Similarly Situated"**

A FLSA "collective action" differs from a Rule 23 representative action in that an employee must affirmatively opt-in to a FLSA collective action by filing a written consent with the court.  The only two requirements to proceed as a representative action under 216(b), therefore, are: (1) all plaintiffs must be "similarly situated," and (2) a plaintiff must consent in writing to take part in the suit.  While the FLSA does not define "similarly situated," courts understand it to require a showing that the plaintiffs "and potential plaintiffs together were victims of a common policy or plan that violated the law."  *See, e.g., Encinas v. J.J. Drywall Corp.,* 265 F.R.D. 3, 6 (D.D.C. 2010).  In determining if a group is similarly situated, courts consider "(1) whether [putative class members] all worked in the same corporate department, division and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief." *Encinas,* 265 F.R.D. at 6.  While courts consider these three factors, class members need not have identical job titles or duties or have worked in the same department or location to be similarly situated. It is enough that they share substantively similar job responsibilities and suffer from a uniform pay policy. *Encinas,* 265 F.R.D. at 6 -7.

When employees are shown to be similarly situated, the district court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient way and has the discretion to facilitate notice to potential plaintiffs of their right to opt-into the action.  *See, Hoffmann-La Roche,* 493 U.S. at 166, 170, 172.  Notice should issue early in the litigation to give class members the opportunity to join the action. *See, e.g., Encinas,* 265 F.R.D. at 6.

Courts utilize a two-step process when analyzing motions to certify a collective action under the FLSA. *Encinas*, 265 F.R.D. at 6. First, the court determines whether the proposed class members are "similarly situated." *Encinas*, 265 F.R.D. at 6. This first step is conducted early in the litigation before discovery is conducted and when the court has limited evidence regarding the "similarly situated" issue. At this initial stage, [t]he court employs a lenient standard ... requiring only that the plaintiff make "a modest factual showing" that potential class members are "similarly situated." This showing may be made through pleadings and affidavits that demonstrate that "the putative class members were together the victims of a single decision, policy or plan" that violated the law. *Encinas*, 265 F.R.D. at 6 (The modest factual showing "is ordinarily based mostly on the parties' pleadings and affidavits."). Courts regularly exercise their discretion to order notice be sent to a class of similarly situated employees early in a litigation. *See, e.g., Encinas*, 265 F.R.D. 3; *McKinney*, 585 F.Supp. 2d 6; *Castillo*, 517 F. Supp. 2d at 445; *Cryer*, 2007 WL 1053214; *Hunter*, 346 F. Supp. 2d at 117. Delay for discovery is neither necessary nor appropriate given the running of the statute of limitations. *Sbarro*, 982 F. Supp. at 262.

The second stage is typically precipitated by a motion for "decertification" filed by defendant after discovery is largely complete. *Encinas*, 265 F.R.D. at 6. If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class and opt-in plaintiffs are dismissed without prejudice. *Castillo*, 517 F. Supp. 2d at 445, citing *Hunter*, 346 F. Supp. 2d at 117.

## Notice to Potential Collective Action Participants

The issuance of notice to the class in a FLSA collective action "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche*, 493 U.S. at 172.  In *Hoffmann-La Roche*, the Supreme Court recognized that courts have the authority to require employers to provide the names and addresses of putative class members, and courts regularly require such production to facilitate notice.  *See, e.g., Encinas*, 265 F.R.D. at 7.  Plaintiff asks the Court to order Defendants to provide her counsel with the last known addresses of the potential class members in order to assist with the issuance of the notice and to provide her counsel with the dates of birth and partial social security numbers for any class members whose mailed notice is returned by the post office. (The dates of birth and partial Social Security numbers can assist with locating the correct address for those workers so that they receive notice).

Plaintiff further requests that the Court allow her counsel to send a follow-up postcard to any class members who have not responded thirty (30) days after the mailing of the initial notice.  Such follow up mailing contributes to dissemination among similarly situated employees and serves what the Supreme Court in *Hoffman-La Roche v. Sperling* recognizes as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action."  493 U.S. at 172.

Plaintiff also requests that the Court order Defendants to post the notice at all of Defendants' worksites in the same areas in which it is required to post FLSA notices.

See 29 C.F.R. 516.4 (requiring posting of FLSA requirements "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy"). Posting of notice also contributes to dissemination among similarly situated employees and serves what the Supreme Court in *Hoffman-La Roche v. Sperling* recognizes as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172.

### Conclusion

It is particularly significant to this motion that Defendants corrected their illegal pay practices in May 2017. The FLSA statute of limitations is now running and for each day that passes until they sign onto a collection action, unpaid workers are losing an additional day of overtime wages. Plaintiff has demonstrated this case meets the minimum criteria for conditional certification and seeks a quick hearing in an effort to preserve as many valid claims as possible before they are extinguished by the statute of limitations.

MELISSA DESKINS
By Counsel

_/s/ Mark A. Toor_____
Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV 25301
304-380-2111
mark@marktoor.com

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FILED**
no

2018 MAY 29 · P 2: 39

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**MELISSA DESKINS,**
**on behalf of herself and others**
**similarly situated,**
     **Plaintiff,**

     **v.**

Civil Action No. 18-C-10S

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
     **Defendant**

---

## AFFIDAVIT IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION

The undersigned, having been duly sworn, deposes and says the following of her own

personal knowledge:

1. I am Melissa Deskins, the plaintiff in this action to recover unpaid overtime wages

    and a former employee of Southern West Virginia Community and Technical

    College ("Southern"). During my tenure with Southern, I worked in the Finance

    and Human Resources Departments, at all times in positions that are not exempt

    from the minimum wage and maximum hour requirements of the Fair Labor

    Standards Act ("FLSA"). The regular working schedule at Southern is Monday-

    Thursday for nine and one-half hours (9.5) hours per day.

2. During my tenure with Southern, I regularly worked under the direction of the

    individual in charge of all finance at the institution, Sam Litteral ("Litteral").

    Litteral regularly told me (and I personally heard him tell other non-exempt

    employees) that Southern was not legally required to pay for overtime hours

    worked by employees that was not approved in advance. At the time, I believed

    this to be true. The message Litteral actually sent by the manner in which he

made these comments and by virtue of his position, however, appeared to me to be that he expected non-exempt employees to work whatever was required to fulfill their jobs without recording or seeking payment for overtime for hours over forty (40) in one workweek. In practice, it is clear this was Litteral's intent.

3. Litteral would regularly assign me work to do that he either knew or he expected me to perform after regular working hours, on Fridays (when Southern is closed) or over the weekends. Litteral was consistently aware I was working after-hours and on non-working days by virtue of e-mail, phone and other communications I would trade both with him and with others at his direction on those days and times. Litteral would generally remind me before or during these assignments that Southern was not required to pay me for any overtime if he had not specifically approved it in advance. I took these statements to mean that, even though he knew I was required to work in excess of forty (40) hours to complete the tasks he had assigned, it would be futile and, in fact, particularly damaging to my future job security were I to seek overtime pay. As a result of his implicit threats against my job, I never sought compensation for any hours worked over forty (40) in one workweek unless he had specifically approved it.

4. I regularly worked in excess of forty (40) hours each workweek with Litteral's subjective realization of that fact. I also know others regularly worked and continue to this day to work in excess of forty (40) hours each workweek with Litteral's subjective realization of this fact; I know this because I worked side-by-side with some of these people, because I worked in the Human Resources Department, and because I have maintained close relationships with individuals

still working at Southern. I also know these individuals—like myself---have not
and do not seek compensation for hours over forty (40) worked in any one
workweek due to the same kind of implicit threats of non-payment and job
insecurity to which I was subjected.

5. One example of an individual I know has regularly worked uncompensated
overtime in the past and continues to do so to this day because of Litteral's
demands and implicit threats currently holds the responsibilities for two different
positions. While working her existing job in the Finance Department, Litteral
asked this individual to take a new job replacing a retiring employee. The retiring
employee retired before this individual was fully trained in the new position.
Litteral—while ultimately promising to relieve this individual of some of her
current duties upon completion of her training—still demands, expects and knows
this individual is working nearly every Friday and regularly in evenings and on
weekends in an effort to perform the functions of both jobs. Litteral has even
drafted the retired employee into coming back into work on Fridays and
weekends to train this individual but has refused the retired employee's request
for compensation.

6. The individual I describe in the paragraph above has personally expressed to me
her fears of raising the issue of the lack of legally required compensation with
Litteral or with Southern. She specifically said she believes Litteral "would fire
me" if he knew she was in any way involved in challenging his non-payment of
overtime. This same individual said another employee—whom I also personally
know to work more than forty (40) hours on a regular basis without seeking

overtime compensation—expressed the very same fear to her were she to challenge the non-payment of overtime or seek to obtain it for hours Litteral personally knows she is working.  Both of these individuals are too fearful of retaliation for me to feel comfortable revealing their names at this stage of the litigation.  I know for a fact each of these employees is classified as FLSA non-exempt.

7.  Despite my status as a non-exempt employee, I was never required to record all of the hours I worked and I believe this is a practice throughout Southern.  I intend to offer evidence of the overtime hours I worked by resort to e-mails that should still be maintained by Southern, personal and work phone records that will demonstrate my attendance at and performance of work after-hours, and other secondary sources of information that will demonstrate my uncompensated work.  Based on my estimates of overtime worked, I believe I am owed about $4,000/year in unpaid overtime.  Based on my personal knowledge, I believe the two current employees I reference in this affidavit are each probably owed unpaid overtime wages in an amount much higher than this.

8.  Having worked directly with and for him in the Finance Department as well as in the Human Resources Department, I know for a fact the threats of non-payment and job insecurity with respect to seeking unapproved overtime compensation reflect the actual, regular and consistent policy and practice of Southern as executed by its Chief Financial Officer, Litteral.  I know from personal experience this policy and practice with respect to overtime affects all non-exempt employees.  While I cannot cite any specific instances in which an employee may

05-29-'18 14:15 FROM-                                    T-955  P0001/0001 F-740

have sought overtime compensation without preapproval and been denied

payment or suffered some adverse employment action as a result, I believe I do

not know of any such instances because I do not know of any employee brave

enough to challenge this practice.  I also believe Litteral's regular and legally

unjustified claims to the workforce that "the law doesn't require that (he) pay for

overtime if its not approved in advance," are made deliberately to have a chilling

effect and to dissuade employees from seeking to enforce their rights under the

FLSA.  I believe a FLSA collective action may be the only means by which

Southern non-exempt employees may feel they can safely secure their legal

rights to overtime compensation without fear of retaliation.

Further the affiant sayeth not.

*Melissa Deskins*
Melissa Deskins

Taken, sworn and subscribed to before me this 29 day of____May_____, 2018.

*Domonique Robinson*
Notary Public

My commission expires: _January 31, 2022_____.



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**FILED**

2018 JUN -6  PM 1:06

CATHY S. GATSON-CLERK
KANAWHA COUNTY CIRCUIT COURT



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

|  |  |
|---|---|
| **Control Number:** 220870 | |
| **Defendant:** SOUTHERN WEST VIRGINIA COMMUNITY AND TECHNICAL COLLEGE 2900 DEMPSEY BRANCH ROAD MOUNT GAY, WV 25637 US | **County:** Kanawha<br>**Civil Action:** 18-C-705<br>**Certified Number:** 92148901125134100002336483<br>**Service Date:** 6/4/2018 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

4-5

FILED

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

2018 JUN -6 PM 1:06

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**MELISSA DESKINS**
   **Plaintiff**

v.                                                     Civil Action No. 18-C-___

**SOUTHERN WEST VIRGINIA COMMUNITY
AND TECHNICAL COLLEGE**
   **Defendant**

<u>**SUMMONS**</u>

**To the above named Defendant:  SOUTHERN WEST VIRGINIA COMMUNITY AND
TECHNICAL COLLEGE, 2900 Dempsey Branch Road, Mount Gay, WV  25637 (Via
Secretary of State)**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and

required to serve upon Mark A. Toor, Esq., counsel for Plaintiff, at 10 Hale Street, 2nd

Floor, Charleston, West Virginia 25301, an Answer, including any related counterclaims

or defense you may have, to the Complaint filed against you in the above-styled civil

action, a true copy of which is herewith delivered to you.  You are required to serve your

Answer within 30 days after service of this Summons upon you, exclusive of the day of

service.  If you fail to do so, thereafter judgment, upon proper hearing and trial, may be

taken against you for the relief demanded in the Complaint and you will be thereafter

barred from asserting in another action any claim, cross claim, or defense you may

have, which must be asserted in the above-styled action.

Dated: _5/29/18_

**Cathy S. Gatson, Clerk**

Clerk of the Court

By: _MDodd_



IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MELISSA DESKINS,

     Plaintiff,

v.                                        Civil Action No. 18-C-705
                                         Judge Kaufman

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE



     Defendant.

## NOTICE OF FILING OF NOTICE OF REMOVAL

     Notice is hereby given in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, that Southern West Virginia Community and Technical College, the defendant in the above-styled action, has this date filed with the Clerk of the United States District Court for the Southern District of West Virginia a Notice of Removal for the removal of this action to the United States District Court. A copy of the Notice of Removal is attached hereto as Exhibit A.

     You are further notified that the original of this Notice and a copy of the Notice of Removal have been filed with the Clerk of the Circuit Court of Kanawha County, West Virginia.

     Under the applicable provisions of the United States Code, as amended, the above-styled action has now been removed to the United States District Court for the Southern District of West Virginia and no further proceedings in this action can be had in the Circuit Court of Kanawha County, West Virginia, unless and until the case is remanded.

SOUTHERN WEST VIRGINIA
COMMUNITY AND TECHNICAL COLLEGE,

*By Counsel,*

Kenneth E. Webb, Jr., Esq. (WVSB #5560)
Canon B. Hill, Esq. (WVSB #13300)
Bowles Rice LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25325-1386
Tel:  (304) 347-1100
Fax:  (304) 347-1756

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MELISSA DESKINS,

      Plaintiff,

v.                                       Civil Action No. 18-C-705
                                       Judge Kaufman

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE

      Defendant.

## **CERTIFICATE OF SERVICE**

      I, Kenneth E. Webb, Jr., counsel for Defendant Southern West Virginia Community and Technical College, do hereby certify that a copy of the foregoing *"Notice of Filing of Notice of Removal"* was served via first class U.S. Mail on the **3rd day of July, 2018**, upon the following:

          Mark A. Toor
          10 Hale Street, 2nd Floor
          Charleston, West Virginia 25301
          *Counsel for Plaintiff*

                                      Kenneth E. Webb, Jr., Esq. (WVSB #5560)

3

10223469.1

Case 2:18-cv-01109   Document 4   Filed 07/12/18   Page 39 of 62 PageID #: 82

## CV - Complaints and Other Initiating Documents

2:18-cv-11111 Plaintiff v. Defendant

### United States District Court

### Southern District of West Virginia

### Notice of Electronic Filing

The following transaction was entered by Webb, Kenneth on 7/3/2018 at 10:16 AM EDT and filed on 7/3/2018

**Case Name:**          Plaintiff v. Defendant
**Case Number:**        2:18-cv-11111
**Filer:**              Defendant
**Document Number:** 960

**Docket Text:**
**NOTICE OF REMOVAL WITH FEE PAID. Deskins v SWVCTC Filing Fee $400.00. Receipt # AWVSDC-6604585. (Attachments: # (1) Civil Cover Sheet, # (2) Exhibit A, # (3) Exhibit B)(Webb, Kenneth)**

**2:18-cv-11111 Notice has been electronically mailed to:**

**2:18-cv-11111 Notice has been delivered by other means to:**

Defendant

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060112543 [Date=7/3/2018] [FileNumber=8475383-0] [8a1b92d9ab56e3dc345496ecd3a3941f387d9daaffa322ac3a821946aca2e32a06d1 7d91fd3fe7fc19a73aefb39a8e61d2e1fd0b396f46a8a9fcd9f28bfb2f60]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060112543 [Date=7/3/2018] [FileNumber=8475383-1] [855feee902a7b5fce44e8b4cec50206d52be9bc202b5c209a34dbd8977549fa22f21 ad1cf5673c09ec1d3d5ce474b35c0aec47810a25d0a4b8983931598e864c]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060112543 [Date=7/3/2018] [FileNumber=8475383-2] [83274f340c42ff586d60ae0d52dbfe9ca99d4591545e5a7ba988e137d39bba3a1b96 ff576dff2af294edad02b9a68e1f6384ab5b513086e7815c8ca4bec85e80]]

Case 2:18-cv-01109   Document 4   Filed 07/12/18   Page 40 of 62 PageID #: 83

**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060112543 [Date=7/3/2018] [FileNumber=8475383-3]
[03e6c10d01879b2c5a950a87d68d077c5b4e2f35a67ed90b001b2aad7fccb4e083cc
69dafbab595acb3d8a2806da6dd9b720f4df026c027c26b3f8acc89e32f0]]

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

MELISSA DESKINS,

     Plaintiff,

v.

                               Civil Action No. 18-C-705
                               Judge Kaufman

SOUTHERN WEST VIRGINIA
COMMUNITY and TECHNICAL COLLEGE

     Defendant.

### CERTIFICATE OF SERVICE

     I, Kenneth E. Webb, Jr., counsel for Defendant Southern West Virginia Community and Technical College, do hereby certify that a copy of the foregoing *"Notice of Filing of Notice of Removal"* was served via first class U.S. Mail on the **3rd day of July, 2018**, upon the following:

          Mark A. Toor
          10 Hale Street, 2nd Floor
          Charleston, West Virginia 25301
          *Counsel for Plaintiff*

          Kenneth E. Webb, Jr., Esq. (WVSB #5560)

3

10223469.1

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

FILED

2018 JUN -6  PM 1:06

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

**Control Number:** 220870

**Defendant:** SOUTHERN WEST VIRGINIA
COMMUNITY AND TECHNICAL
COLLEGE
2900 DEMPSEY BRANCH ROAD
MOUNT GAY, WV 25637 US

**County:** Kanawha

**Civil Action:** 18-C-705

**Certified Number:** 92148901125134100002336483

**Service Date:** 6/4/2018

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

4-5

SCANNED

FILED

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

2018 JUN -6  PM 1:06

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**MELISSA DESKINS**
　**Plaintiff**

**v.**

Civil Action No. 18-C-___

**SOUTHERN WEST VIRGINIA COMMUNITY**
**AND TECHNICAL COLLEGE**
　**Defendant**

### SUMMONS

**To the above named Defendant:  SOUTHERN WEST VIRGINIA COMMUNITY AND TECHNICAL COLLEGE, 2900 Dempsey Branch Road, Mount Gay, WV  25637 (Via Secretary of State)**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Mark A. Toor, Esq., counsel for Plaintiff, at 10 Hale Street, 2nd Floor, Charleston, West Virginia 25301, an Answer, including any related counterclaims or defense you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your Answer within 30 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, thereafter judgment, upon proper hearing and trial, may be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim, cross claim, or defense you may have, which must be asserted in the above-styled action.

Dated: 5|29|18

**Cathy S. Gatson, Clerk**

Clerk of the Court

By: _____

RECEIVED
JUN 0 1 2018

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA** FILED

**MELISSA DESKINS,**
    **Plaintiff,**

2018 MAY 29 P 2: 31

    **v.**

Civil Action No. 18-C-705 CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT
Judge Kaufman

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
    **Defendant**

## COMPLAINT

Plaintiff, Melissa Deskins, ("Plaintiff") brings this action to recover damages for herself and on behalf of others similarly situated to her, for unpaid overtime under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*) (hereafter referred to as "the Act" or "FLSA").

1.    Subject matter jurisdiction over this action is conferred on this court by Section 16 of the Act (29 U.S.C. §216).

2.    Plaintiff is a resident of Logan County and was, at all times relevant, an "Employee" of Defendant as that term is defined in the Act (29 U.S.C. §203(e)) and "non-exempt" from the Act's maximum hour/minimum wage provisions.

3.    Defendant Southern West Virginia Community and Technical College ("Southern") is an agency of the State of West Virginia under the aegis of the higher education system for the State of West Virginia (*West Virginia Code* §18B-1-101 *et seq.*) and is an "Employer" as that term is defined in the Act (29 U.S.C. §203(d)).

4.    Upon information and belief, Southern is subject to "Enterprise Coverage" under the Act because it engages in activities for a business purpose and has annual sales or business done at the level of at least $500,000.

1-3

5.     Upon information and belief, other FLSA non-exempt employees of Defendants, in addition to Plaintiff, have been improperly compensated by Defendants in a manner similar or identical to the manner in which Plaintiff contends she has been improperly compensated under the FLSA.  Under 29 U.S.C. §216(b), these other employees are "similarly situated" to Plaintiff for purposes of this litigation.

6.     Plaintiff worked in a position in Defendant's Human Resources Department for approximately the last three years of her employment with Defendant, which ended on April 27, 2018.

7.     At all times during the course of her employment with Southern, Plaintiff and the position she filled were considered by Southern to be "non-exempt" from the minimum wage/maximum hour provisions of the Act.

8.     At no time during the course of her employment with Southern did Plaintiff perform job duties that regularly and consistently met any of the criteria or conditions necessary to exempt her from the minimum wage/maximum hour requirements of the Act (29 U.S.C. §213).

9.     Throughout the entirety of her employment tenure with Southern, Plaintiff was consistently paid a weekly salary with either no, or legally insufficient, premium pay for hours over forty (40) worked in any one workweek.

10.    Throughout the tenure of her employment, Plaintiff consistently worked in excess of forty (40) hours in any one workweek without being paid compensation on an hourly basis at one and one-half times her regular hourly rate for all such hours worked.

11.     Defendants never recorded actual hours worked by Plaintiff—nor did they require Plaintiff herself to record actual hours worked—at any time during the tenure of Plaintiff's employment in violation of the terms of the Act.  29 U.S.C. §211(c).

12.     Southern—and, in particular, Southern's Chief Financial Officer, Sam Litteral—knowingly and deliberately suffered and permitted Plaintiff to work hours in excess of forty (40) in one week while knowingly and deliberately failing to pay Plaintiff legally-required overtime rates.

13.     Upon information and belief, the same policies, protocols, practices and procedures that resulted in Plaintiff not recording actual hours worked and not being properly paid for hours over forty at premium rates has affected other, non-exempt employees of Southern who are not recording actual hours worked and being similarly deprived of overtime pay.  Specifically, Plaintiff has communicated and confirmed with no fewer than two other current non-exempt Southern employees that each regularly works and has worked outside of the normal working schedule with the specific knowledge of Litteral and each has received Litteral's either explicit or tacit direction that he would not approve pay for the overtime hours worked.

14.     Southern maintains a four (4) day workweek, requiring non-exempt employees to work nine and one-half (9.5) hours each day from Monday-Thursday (for a total of 37.5 hours).  Non-exempt employees are not regularly scheduled or expected to work on Fridays, Saturdays or Sundays.

15.     There exist—and Plaintiff and other non-exempt employees expect to obtain and to produce through discovery—extensive e-mail communications between Litteral/other Southern managers/supervisors and non-exempt employees of Southern demonstrating

Southern, Litteral and other supervisors suffering and permitting those non-exempt employees to work on Fridays, Saturdays, Sundays and after normal working hours on other days, all without compensation for hours over forty (40) in one workweek at premium rates. Upon information and belief, some of that documentation will verify the knowing and willful nature of Southern and Litteral's scheme to avoid the requirements of the FLSA.

16.    Plaintiff has suffered damages recoverable under the FLSA for Southern's failure to pay hours she worked over forty/week at premium rates. Upon information and belief, other Southern employees and former employees similarly situated to Plaintiff have suffered damages recoverable under the FLSA for Southern's violations of that law.

**WHEREFORE**, having stated her complaint against Defendant, Plaintiff seeks relief and judgment from Defendant as follows:

a.  An order granting the accompanying Motion for Conditional Certification of FLSA Collective Action;

b.  An order entered pursuant to 29 U.S.C. §216(b) finding Defendant liable to Plaintiff, and all similarly situated plaintiffs who may opt-in to the collective action, for all damages she has suffered as the result of its failure to pay overtime at premium rates and any resulting denial of overtime wages she should have received; liquidated damages in an amount equal to her actual damages, and; attorney fees, costs and interest associated with the pursuit of this action.

c.  Plaintiff seeks damages recoverable within a three (3) year window based on Defendant's knowing and deliberately violations of the Act.

d.  Such other relief as the court may deem proper.

Plaintiff demands a jury trial.

MELISSA DESKINS
By Counsel

_____
Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV  25301
304-380-2111
mark@marktoor.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA** FILED

MELISSA DESKINS,
on behalf of herself and others
similarly situated,
    Plaintiff,

2018 MAY 29 ꟼ 2: 31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Civil Action No. 18-C-705

    v.

SOUTHERN WEST VIRGINIA COMMUNITY
and TECHNICAL COLLEGE
    Defendant

## MOTION FOR CONDITIONAL CERTIFICATION
## AS A COLLECTIVE ACTION UNDER THE FLSA

Now comes Plaintiff, by counsel, and moves pursuant to 29 U.S.C. §216(b), for

conditional certification of this matter as a collective action under the Fair Labor

Standards Act ("FLSA") and for notice of the action and its underlying claims to

employees of Defendants who are similarly situated to Plaintiff.  In her complaint,

Plaintiff alleges Defendant failed to require employees not exempt from the minimum

wage/maximum hour provisions of the Act ("non-exempt employees") to record hours

worked in excess of forty (40) in individual workweeks and regularly failed to

compensation those non-exempt employees with enhanced overtime pay for hours over

forty (40) worked in a workweek.  Plaintiff moves for conditional certification of this

matter as a collective action on behalf of all similarly situated, FLSA non-exempt

employees of Defendants who have been negatively impacted by the same or similar

pay practices to those that have deprived Plaintiff of enhanced hourly rates for hours

worked in excess of forty each week.

As explained in the accompanying memorandum of points and authorities, this case meets the standard for conditional certification as Plaintiff has shown that the proposed class members are similarly situated pursuant to 29 U.S.C. § 216(b). Additionally, the Court should authorize notice to the class, as court authorization of notice to the class in a FLSA collective action serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. Finally, the court should approve the language of a notice and a protocol for distribution of that notice to potential class members.

**WHEREFORE**, Plaintiff seeks conditional certification of this action as a collective action under 29 U.S.C. §216(b), disclosures by Defendant necessary to provide notice to class members, an appropriate protocol for the provision of notice to those members and such other relief as the court may deem appropriate.

MELISSA DESKINS
By Counsel

_/s/ Mark A. Toor _____
Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV 25301
304-380-2111
mark@marktoor.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA** FILED

MELISSA DESKINS,
**on behalf of herself and others**
**similarly situated,**
    **Plaintiff,**

2018 MAY 29 ☐ 2: 31

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Civil Action No. 18 C-705

    **v.**

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
    **Defendant**

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### FOR CONDITIONAL CERTIFICATION
### <u>AS A COLLECTIVE ACTION UNDER THE FLSA</u>

### <u>Introduction with Background Facts</u>

Through this action, Plaintiff seeks to collect significant amounts of unpaid overtime wages from her former employer.  Plaintiff contends Defendant, a community and technical college under the auspices of the West Virginia Community and Technical College System/Higher Education Policy Commission, employed pay practices with the Fair Labor Standards Act ("FLSA") by failing to pay overtime rates for all hours over forty (40) worked in any one workweek.  29 U.S.C. §207(a)(1).  Extensive communications with current and former employees in the other non-exempt positions with Defendant and her knowledge of Defendant's practices from her position in the Human Resources Department ("HR") lead Plaintiff to believe Defendant's FLSA-violative overtime pay practices have affected most other non-exempt employees. Plaintiff now seeks conditional certification and the issuance of a court-approved notice to all of Defendant's FLSA non-exempt employees who may also have claims for unpaid overtime.

**Background Facts**

Plaintiff worked for Southern beginning in 2011 as a part-time secretary and moved into the Finance Department in 2012 under the ultimate direction of Sam Litteral, Chief Financial Officer.  Plaintiff began in Finance as an Accounting Assistant II and remained in the position until March 2015.  Plaintiff bid into a higher paying position in the Human Resources Department (Human Resources Representative) and held that position until she quit effective April 27, 2018.  Each position Plaintiff held while at Southern is a FLSA non-exempt position.

In her roles in the Finance and HR departments of Defendant, Plaintiff's work was ultimately overseen by CFO Sam Litteral; during the last nine (9) months of her employment, Plaintiff reported directly to Litteral after the head of the HR department resigned.  Litteral seems to believe FLSA-compliance is a game of "gotcha" to be played with the appropriate number of winks and nods.  *See*, Attached Affidavit of Melissa Deskins.  One of Litteral's favorite refrains to the workforce is his legally indefensible caveat that he did not have to pay for overtime work that was not approved in advance.  This was a threat Litteral assured all non-exempt employees knew and dared not buck.

Litteral would, either directly or through his secretary, deliberately assign work to non-exempt employees to be performed on non-scheduled work days or after regular working hours.  Litteral would impose such assignments with due dates/times rendering it impossible to complete the assignment without devoting otherwise unscheduled work

time to the project.  Based on either the oft-recited explicit threat from Litteral (that he would not pay for overtime work not approved in advance) or simply the long-running understanding of the non-exempt workforce that it was wasted effort, Plaintiff and other employees would not attempt to seek any additional compensation.  The hypocrisy of Litteral's contradictory orders to the workforce—that they complete after-hours work he assigns to them their own time without his approval for overtime—will be on stark display upon the production of even a fraction of his e-mails on the topic.

### Justification for a Collective Action

The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay."'" *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981) (overruled on other grounds).  In passing the FLSA, Congress intended to address long working hours that "are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." *Barrentine*, 450 U.S. at 739.  Congress also recognized that allowing individual employees subject to the same illegal practices to bring claims collectively was both fair and efficient. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The FLSA provides for one or more employees to pursue an action in a representative capacity for "other employees similarly situated." Id., 29 U.S.C. § 216(b).  (Plaintiff's accompanying Affidavit outlines the detailed facts that demonstrate how she and Defendants' other non-exempt home care providers are similarly situated).

### "Similarly Situated"

A FLSA "collective action" differs from a Rule 23 representative action in that an employee must affirmatively opt-in to a FLSA collective action by filing a written consent with the court.  The only two requirements to proceed as a representative action under 216(b), therefore, are: (1) all plaintiffs must be "similarly situated," and (2) a plaintiff must consent in writing to take part in the suit.  While the FLSA does not define "similarly situated," courts understand it to require a showing that the plaintiffs "and potential plaintiffs together were victims of a common policy or plan that violated the law."  *See, e.g., Encinas v. J.J. Drywall Corp.,* 265 F.R.D. 3, 6 (D.D.C. 2010).  In determining if a group is similarly situated, courts consider "(1) whether [putative class members] all worked in the same corporate department, division and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief."  *Encinas,* 265 F.R.D. at 6.  While courts consider these three factors, class members need not have identical job titles or duties or have worked in the same department or location to be similarly situated. It is enough that they share substantively similar job responsibilities and suffer from a uniform pay policy. *Encinas,* 265 F.R.D. at 6 -7.

When employees are shown to be similarly situated, the district court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient way and has the discretion to facilitate notice to potential plaintiffs of their right to opt-into the action.  *See, Hoffmann-La Roche,* 493 U.S. at 166, 170, 172.  Notice should issue early in the litigation to give class members the opportunity to join the action. *See, e.g., Encinas,* 265 F.R.D. at 6.

Courts utilize a two-step process when analyzing motions to certify a collective action under the FLSA. *Encinas*, 265 F.R.D. at 6. First, the court determines whether the proposed class members are "similarly situated." *Encinas*, 265 F.R.D. at 6. This first step is conducted early in the litigation before discovery is conducted and when the court has limited evidence regarding the "similarly situated" issue. At this initial stage, [t]he court employs a lenient standard ... requiring only that the plaintiff make "a modest factual showing" that potential class members are "similarly situated." This showing may be made through pleadings and affidavits that demonstrate that "the putative class members were together the victims of a single decision, policy or plan" that violated the law. *Encinas*, 265 F.R.D. at 6 (The modest factual showing "is ordinarily based mostly on the parties' pleadings and affidavits."). Courts regularly exercise their discretion to order notice be sent to a class of similarly situated employees early in a litigation. *See, e.g., Encinas*, 265 F.R.D. 3; *McKinney*, 585 F.Supp. 2d 6; *Castillo*, 517 F. Supp. 2d at 445; *Cryer*, 2007 WL 1053214; *Hunter*, 346 F. Supp. 2d at 117. Delay for discovery is neither necessary nor appropriate given the running of the statute of limitations. *Sbarro*, 982 F. Supp. at 262.

The second stage is typically precipitated by a motion for "decertification" filed by defendant after discovery is largely complete. *Encinas*, 265 F.R.D. at 6. If the additional claimants are similarly situated, the district court allows the representative action to proceed. If the claimants are not similarly situated, the district court decertifies the class and opt-in plaintiffs are dismissed without prejudice. *Castillo*, 517 F. Supp. 2d at 445, citing *Hunter*, 346 F. Supp. 2d at 117.

## Notice to Potential Collective Action Participants

The issuance of notice to the class in a FLSA collective action "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffmann-La Roche*, 493 U.S. at 172. In *Hoffmann-La Roche*, the Supreme Court recognized that courts have the authority to require employers to provide the names and addresses of putative class members, and courts regularly require such production to facilitate notice. *See, e.g., Encinas*, 265 F.R.D. at 7. Plaintiff asks the Court to order Defendants to provide her counsel with the last known addresses of the potential class members in order to assist with the issuance of the notice and to provide her counsel with the dates of birth and partial social security numbers for any class members whose mailed notice is returned by the post office. (The dates of birth and partial Social Security numbers can assist with locating the correct address for those workers so that they receive notice).

Plaintiff further requests that the Court allow her counsel to send a follow-up postcard to any class members who have not responded thirty (30) days after the mailing of the initial notice. Such follow up mailing contributes to dissemination among similarly situated employees and serves what the Supreme Court in *Hoffman-La Roche v. Sperling* recognizes as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172.

Plaintiff also requests that the Court order Defendants to post the notice at all of Defendants' worksites in the same areas in which it is required to post FLSA notices.

See 29 C.F.R. 516.4 (requiring posting of FLSA requirements "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy").  Posting of notice also contributes to dissemination among similarly situated employees and serves what the Supreme Court in *Hoffman-La Roche v. Sperling* recognizes as section 216(b)'s "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." 493 U.S. at 172.

## Conclusion

It is particularly significant to this motion that Defendants corrected their illegal pay practices in May 2017.  The FLSA statute of limitations is now running and for each day that passes until they sign onto a collection action, unpaid workers are losing an additional day of overtime wages.  Plaintiff has demonstrated this case meets the minimum criteria for conditional certification and seeks a quick hearing in an effort to preserve as many valid claims as possible before they are extinguished by the statute of limitations.

MELISSA DESKINS
By Counsel

_/s/ Mark A. Toor _____
Mark A. Toor (WVSB #5228)
10 Hale Street, 2nd Floor
Charleston, WV  25301
304-380-2111
mark@marktoor.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

FILED

MELISSA DESKINS,
on behalf of herself and others
similarly situated,
     Plaintiff,

2018 MAY 29  P 2: 39

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

    Civil Action No. ___16-C-10S___

    v.

SOUTHERN WEST VIRGINIA COMMUNITY
and TECHNICAL COLLEGE
    Defendant

---

## AFFIDAVIT IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION

The undersigned, having been duly sworn, deposes and says the following of her own

personal knowledge:

1. I am Melissa Deskins, the plaintiff in this action to recover unpaid overtime wages

   and a former employee of Southern West Virginia Community and Technical

   College ("Southern").  During my tenure with Southern, I worked in the Finance

   and Human Resources Departments, at all times in positions that are not exempt

   from the minimum wage and maximum hour requirements of the Fair Labor

   Standards Act ("FLSA").  The regular working schedule at Southern is Monday-

   Thursday for nine and one-half hours (9.5) hours per day.

2. During my tenure with Southern, I regularly worked under the direction of the

   individual in charge of all finance at the institution, Sam Litteral ("Litteral").

   Litteral regularly told me (and I personally heard him tell other non-exempt

   employees) that Southern was not legally required to pay for overtime hours

   worked by employees that was not approved in advance.  At the time, I believed

   this to be true.  The message Litteral actually sent by the manner in which he

made these comments and by virtue of his position, however, appeared to me to be that he expected non-exempt employees to work whatever was required to fulfill their jobs without recording or seeking payment for overtime for hours over forty (40) in one workweek.  In practice, it is clear this was Litteral's intent.

3. Litteral would regularly assign me work to do that he either knew or he expected me to perform after regular working hours, on Fridays (when Southern is closed) or over the weekends.  Litteral was consistently aware I was working after-hours and on non-working days by virtue of e-mail, phone and other communications I would trade both with him and with others at his direction on those days and times.  Litteral would generally remind me before or during these assignments that Southern was not required to pay me for any overtime if he had not specifically approved it in advance.  I took these statements to mean that, even though he knew I was required to work in excess of forty (40) hours to complete the tasks he had assigned, it would be futile and, in fact, particularly damaging to my future job security were I to seek overtime pay.  As a result of his implicit threats against my job, I never sought compensation for any hours worked over forty (40) in one workweek unless he had specifically approved it.

4. I regularly worked in excess of forty (40) hours each workweek with Litteral's subjective realization of that fact.  I also know others regularly worked and continue to this day to work in excess of forty (40) hours each workweek with Litteral's subjective realization of this fact; I know this because I worked side-by-side with some of these people, because I worked in the Human Resources Department, and because I have maintained close relationships with individuals

still working at Southern.  I also know these individuals—like myself---have not and do not seek compensation for hours over forty (40) worked in any one workweek due to the same kind of implicit threats of non-payment and job insecurity to which I was subjected.

5.  One example of an individual I know has regularly worked uncompensated overtime in the past and continues to do so to this day because of Litteral's demands and implicit threats currently holds the responsibilities for two different positions.  While working her existing job in the Finance Department, Litteral asked this individual to take a new job replacing a retiring employee.  The retiring employee retired before this individual was fully trained in the new position. Litteral—while ultimately promising to relieve this individual of some of her current duties upon completion of her training—still demands, expects and knows this individual is working nearly every Friday and regularly in evenings and on weekends in an effort to perform the functions of both jobs.  Litteral has even drafted the retired employee into coming back into work on Fridays and weekends to train this individual but has refused the retired employee's request for compensation.

6.  The individual I describe in the paragraph above has personally expressed to me her fears of raising the issue of the lack of legally required compensation with Litteral or with Southern.  She specifically said she believes Litteral "would fire me" if he knew she was in any way involved in challenging his non-payment of overtime.  This same individual said another employee—whom I also personally know to work more than forty (40) hours on a regular basis without seeking

overtime compensation—expressed the very same fear to her were she to challenge the non-payment of overtime or seek to obtain it for hours Litteral personally knows she is working. Both of these individuals are too fearful of retaliation for me to feel comfortable revealing their names at this stage of the litigation. I know for a fact each of these employees is classified as FLSA non-exempt.

7. Despite my status as a non-exempt employee, I was never required to record all of the hours I worked and I believe this is a practice throughout Southern. I intend to offer evidence of the overtime hours I worked by resort to e-mails that should still be maintained by Southern, personal and work phone records that will demonstrate my attendance at and performance of work after-hours, and other secondary sources of information that will demonstrate my uncompensated work. Based on my estimates of overtime worked, I believe I am owed about $4,000/year in unpaid overtime. Based on my personal knowledge, I believe the two current employees I reference in this affidavit are each probably owed unpaid overtime wages in an amount much higher than this.

8. Having worked directly with and for him in the Finance Department as well as in the Human Resources Department, I know for a fact the threats of non-payment and job insecurity with respect to seeking unapproved overtime compensation reflect the actual, regular and consistent policy and practice of Southern as executed by its Chief Financial Officer, Litteral. I know from personal experience this policy and practice with respect to overtime affects all non-exempt employees. While I cannot cite any specific instances in which an employee may

05-29-'18 14:15 FROM-                                T-965  P0001/0001 F-740

have sought overtime compensation without preapproval and been denied

payment or suffered some adverse employment action as a result, I believe I do

not know of any such instances because I do not know of any employee brave

enough to challenge this practice.  I also believe Litteral's regular and legally

unjustified claims to the workforce that "the law doesn't require that (he) pay for

overtime if its not approved in advance," are made deliberately to have a chilling

effect and to dissuade employees from seeking to enforce their rights under the

FLSA.  I believe a FLSA collective action may be the only means by which

Southern non-exempt employees may feel they can safely secure their legal

rights to overtime compensation without fear of retaliation.

Further the affiant sayeth not.

*Melissa Deskins*

Melissa Deskins

Taken, sworn and subscribed to before me this 29 day of _____ May _____, 2018.

*Domonique Robinson*

Notary Public

My commission expires: _January 31, 2022_ .

