IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MELISSA DESKINS,**
on behalf of herself and others
similarly situated,
      **Plaintiff,**

      v.

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
**Defendant.**

Civil Action No. 2:18-cv-1109

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs, Melissa Deskins, ("Plaintiff") and Jennifer Alfrey, by counsel, and Defendant Southern West Virginia Community and Technical College ("Defendant") (collectively referred to as "Parties), through their counsel, now submit this Joint Motion to Approve Settlement ("Motion").

## Factual Background

Plaintiff is a former employee of Defendant, having worked in the Finance and Human Resources departments as an hourly or non-exempt worker under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or "the Act").  Through this action, Plaintiff sought to collect wages she contends were not paid to her as required under the maximum hour provisions of the FLSA.  When originally filed in state court, Plaintiff contemporaneously moved for conditional certification of the action as a FLSA collective and sought permission to distribute notices to Defendant's non-exempt workforce.  After removal and briefing, this court conditionally certified a class of similarly situated employees and former employees in an August 22, 2019,

Memorandum Opinion and Order (Doc. No. 13).

Following the conditional certification, Plaintiff distributed over eighty (80) notices to the collective class members as identified by Defendants; only one additional plaintiff ("Alfrey") signed a consent to participate within the allotted opt-in period.  Defendant provided extensive discovery by way of e-mail communications intended to demonstrate the "off-the-clock" work Plaintiff contends she regularly performed.1  Discovery is now complete and the parties have reached agreement on a resolution of Plaintiff's contested claims to unpaid overtime compensation.

## Court Approval of Private Settlement of FLSA Claims

Fourth Circuit precedent, as well as the FLSA, requires that the court approve a private settlement of claims under the FLSA.  *See, Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007); *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982).  If a settlement in an FLSA case is the product of a reasonable compromise over issues, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Lynn's Food Stores*, 679 F.2d at 1354.  Although the Fourth Circuit has yet to address the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*."  *Saman v.*

---

1 The parties agree—and Alfrey's deposition testimony establishes—that there is little likelihood Alfrey actually worked overtime hours for which she was not properly compensated.  With Alfrey's explicit permission, this motion also seeks to dismiss her claims with prejudice as unsupported by adequate evidence based on the discovery supplied by Defendant.

*LBDP, Inc.,* Civil No. DKC–12–1083, 2013 WL 2949047, *2 (D. Md. June 13, 2013) (citing *Lynn's Food Stores, Inc.* 679 F.2d at 1350); *see also Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (listing the same factors announced in *Lynn's Food Stores*).

Pursuant to the holding in *Lynn's Food Stores*, a FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at *3 (quoting *Lynn's Food*, 679 F.2d at 1355). Consequently, the court must first assess the "bona fides of the parties' dispute . . . to determine if there are FLSA issues that are 'actually in dispute.'" *Id.* (quoting, *Lane v. Ko–Me, LLC*, Civil No. DKC–10–2261, 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011)). The Court must then consider the terms of the proposed settlement agreement for fairness and reasonableness by weighing the following factors:

(1) the extent of discovery that has taken place;
(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
(3) the absence of fraud or collusion in the settlement;
(4) the experience of counsel who have represented the plaintiffs;
(5) the opinions of [ ] counsel . . . ; and
(6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, Civil No. 08–1310, 2009 WL 3094955, *10 (E.D.Va. Sept. 28, 2009) (collective action). Where, as is the case here, the proposed settlement agreement "includes a provision regarding attorneys' fees, the reasonableness of the award must also be independently assessed[.]" *Id.* (internal quotation omitted).

## The Court Should Approve the Parties' Settlement Agreement

The parties' settlement agreement is a fair and reasonable resolution of a *bona fide* dispute regarding alleged violations of the FLSA.  As detailed below, each of the pertinent factors weighs in favor of approving the parties' proposed settlement agreement.

1. **A *Bona Fide* Dispute between the Parties Exists**

The Court may look to the pleadings and the parties' representations in subsequent court filings to determine the existence of a bona fide dispute.  *See, Saman*, 2013 WL 2949047 at *3 (*citing Lomascolo,* 2009 WL 3094955 at *16–17).  A *bona fide* dispute is evident from discovery produced by Defendant relative to Plaintiff.  Thousands of e-mail communications produced by Defendants in discovery include after-hours and non-scheduled workday communications to and from Plaintiff that she argues show her being "suffered or permitted to work" on Defendant's behalf; corresponding time sheets do not show Plaintiff being paid for that after-hours work.  Plaintiff contends the e-mails are the only documentary support for her claims but that she was also suffered or permitted to work additional hours that are not captured within the e-mail traffic.

Defendant contends it properly compensated Plaintiff under its applicable overtime policies for all hours she recorded on her time sheets as compensable time.  Defendant also maintains there is inadequate evidence of after-hours work to support anything but a showing of *de minimus* overtime work by Plaintiff.  Both sides agree, however, on the difficulty and complexity of any after-the-fact reconstruction of actual overtime hours Plaintiff may have worked without proper compensation.

**2.     The Proposed Settlement Is Fair and Reasonable**

   **a.     The Total Settlement Sum is Reasonable**

The parties have agreed this case will settle for the total sum of $20,000, with $11,000 of that amount dedicated to paying the claims of Plaintiff, and the remaining $9,000 representing the award of fees and costs to Plaintiffs' counsel.  The parties agree the portion of the settlement sum attributable to Plaintiff's claims is a reasonable compromise between what Plaintiff estimates she is owed for the applicable time period when weighed against the difficulty and complexity of arriving at a more concrete estimate based on the limited documentary evidence available.  Plaintiff's portion of the settlement sum is also intended to incorporate whatever liquidated damages and interest to which she otherwise may have been eligible had she prevailed at a trial.

   **b.     The Extent of Discovery.**

The parties conducted several depositions, including those of ancillary witnesses to Plaintiff's claim that Defendant's agent actively discouraged and interfered with the capacity of non-exempt employees to receive overtime wages.  As a case pursuing compensation for hours never formally recorded, Plaintiff was also left to rely on secondary sources of data that merely tend to support her claim to after-hours work.  Defendant's capture and retrieval of the e-mail traffic was a legitimate means of attempting to recreate Plaintiff's actual working hours but it was a complicated and costly process that yielded inconclusive results.  The parties agree that no amount of additional discovery is likely to resolve the remaining disputes as to actual hours worked.

  c. **The Stage of the Proceeding.**

The stage of the proceeding leading up to the settlement also supports that the settlement is fair and reasonable. The failure of additional plaintiffs to opt-in to the collective action necessarily limits any potential recovery in the case, forcing the parties to consider the costs and value of additional litigation. An agreed resolution at this date also eliminates additional costs associated with dispositive motions and other pre-trial activities that are scheduled for the near future.

  d. **The Absence of Fraud or Collusion in The Settlement**

There is no evidence or basis to suggest that the Settlement Agreement is the product of fraud or collusion. The parties reached the settlement agreement by arms-length negotiations conducted by experienced counsel. Neither side has conceded nor abandoned any original claims or defenses but each side also recognizes the limited remaining value to continuing the dispute. Finally, the settlement is not the product of undue influence, duress, overreaching, collusion or intimidation. Further, "[t]here is also a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Camp v. Progressive Corp.*, Civil No. 01-2680, 2004 WL 2149079, *7 (E.D. La. Sept. 23, 2004). In short, the settlement agreement is not the product of fraud or collusion.

  e. **The Experience of Plaintiffs' Counsel.**

Plaintiffs' counsel is experienced in wage and hour litigation. Mr. Toor has been a member of the West Virginia State Bar since 1989. In that time, Mr. Toor has practiced in the area of labor and employment, and he is well-versed in federal wage and hour law. This court has previously heard and granted similar settlement motions in FLSA

cases brought by Mr. Toor. Accordingly, Plaintiffs were represented by experienced counsel who exhibited knowledge of the applicable law and defenses to overcome. Furthermore, Plaintiffs were given competent legal advice in order to evaluate their claims under the FLSA.

### f. The Opinions of the Parties

Based on Plaintiffs' and Defendant's counsel's knowledge of the case and the applicable law, as well as their experience in wage and hour litigation, counsel believes the settlement is fair and reasonable. Each side specifically recognizes and has taken into account in the settlement the effect of the failure to muster a larger class of non-exempt employees willing to participate in the collective. "While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement. *Flinn v. FMC Corp.*, 528 F.2d 1169 (4th Cir. 1975).

### g. The Probability of Plaintiff's Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery

Plaintiff is confident she would have prevailed if the litigation had continued. However, as in any FLSA action, Plaintiff would have faced obstacles and uncertainties, including the outcome of a jury trial. Even if Plaintiff ultimately prevailed on liability, the amount of damages Plaintiff suffered would have to be determined by the jury or the court based on the sufficiency of the indirect evidence of overtime work, whether a two-year or three-year statute of limitations would apply and the accessibility of liquidated damages under the facts presented. The unanswered question prompting settlement is what level of damages would have been appropriate, and this is an issue on which the parties

have now compromised their positions in the interest of a resolution.  Given the challenges that existed in this FLSA case, the benefit Plaintiff will receive from the settlement is fair and reasonable.

Through this settlement, the parties have also agreed to the dismissal with prejudice of the claims asserted by collective Plaintiff Alfrey for no compensation.  Alfrey has specifically consented to the dismissal of her claims after counsel's review of e-mail traffic produced by Defendant in discovery and Alfrey's deposition testimony.  These factors suggest Alfrey would not likely have prevailed on her claims at trial for a lack of even the indirect evidence of overtime work demonstrated by Plaintiff Deskins' e-mail history.  Alfrey's voluntary dismissal of her claims preserves and compensates only the claim of Plaintiff Deskins, for whom there is strong evidence of uncompensated overtime.

### h. The Requested Attorneys' Fees, Costs and Litigation Expenses Are Unopposed and Should be Approved

The attorneys' fees provision of the FLSA exists to enable Plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the Act.  29 U.S.C. § 216(b) ("The court in an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action").  In FLSA cases, "the wronged employee should receive his full wages . . . without incurring any expenses for legal fees or costs."  *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946).

Plaintiffs' counsel seeks his attorneys' fees on a lodestar basis. The lodestar is the product of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). Courts within the Fourth Circuit begin with the lodestar approach to determine reasonableness of attorneys' fees in FLSA actions and may include adjustments for time spent on "unsuccessful claims" and "the degree of success obtained." *Randolph v. Powercomm Constr., Inc.,* 715 Fed. Appx. 227, 230 (4th Cir. 2017). In determining what constitutes a "reasonable" number of hours and their billing rate, courts consider the following twelve factors identified in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 717 (5th Cir. 1974).

> (1) the time and labor required; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees in similar cases.

*Wolfe v. Green*, 2010 U.S. Dist. LEXIS 102623 at 10 (S.D. W. Va., September 24, 2010). See *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). An analysis of each of these factors leads to the conclusion that Plaintiffs' counsel's lodestar (which is higher than the attorneys' fees provided under the settlement) is reasonable and, thus, the attorneys' fees provided for under the settlement are reasonable.

**1. The time and labor involved**

As discussed above, the time spent by Plaintiffs' Counsel includes: (1) investigating the facts and issues; (2) researching applicable case law; (3) informal communications with potential collective class members to confirm Defendant's overtime practices; (4) drafting the Complaint and motion for conditional certification; (5) drafting and responding to written discovery; (6) preparing for and communicating with a potential collective class of over 80 individuals; (7) reviewing and calculating potential overtime owed on the basis of Defendant's discovery responses; (8) negotiating with Defendants' counsel on the basis of the discovery, and; (9) preparing this motion and the associated materials for the court's consideration of the proposed settlement.  Planitiffs' counsel's time in the case amounts to more than 80 hours, or a lodestar amount of over $30,000 with costs incurred.  Consistent with the parties' agreement, however, Plaintiffs' counsel is requesting an attorneys' fee award of $9,000, which includes costs of litigation.  The discount to counsel's lodestar is appropriate in light of the significant time devoted to the collective aspect of the case, which failed to materialize and to capture other plaintiffs who would have benefitted from counsel's involvement.

**2. The novelty and difficulty of the questions raised**

The issues involved in this action were largely typical of those found in FLSA collective cases.  The case was rendered somewhat difficult as FLSA actions go, however, for its exclusive reliance on secondary or indirect evidence of working hours.

**3. The skill required to properly perform legal services rendered**

Plaintiffs' counsel has over thirty years' experience representing parties in various employment related matters.  Mr. Toor has extensive experience in wage and hour

administration, both from the defense perspective during his work as a lawyer and human resource executive at A.T. Massey Coal Company, Columbia Natural Resources, and as past Vice-Chancellor for Human Resources for the West Virginia Higher Education Policy Commission; and from the plaintiffs' perspective in other FLSA actions formerly resolved and still pending before this court.

### 4. The attorney's opportunity costs in pressing the instant litigation

Plaintiffs' counsel's work on this case necessarily precluded him from working on other matters. Given the limit on the number of cases and hours that can be billed each day, every hour expended on this case meant Plaintiffs' counsel did not work on other pending cases or pursue other new matters.

### 5. The customary fee for like work

"This factor considers the customary fee 'for similar work in the community,'" *Meadows v. AM & GH LLC*, 2018 U.S. Dist. LEXIS 137972 at 13 (S.D.W.V. Aug. 15, 2018) (citing, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 718). The moving party "bears the burden of 'producing satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* at 13-14 (citing, *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 289 (4th Cir. 2010). In 2016, Mr. Toor's requested rate of $300/hour in an FLSA case was approved by this court in *Rose v. Kanawha County Bd. of Educ.*, 2016 U.S. Dist. LEXIS 40173 (S.D.W.V. Mar. 28, 2016). The same rate was accepted as the lodestar basis for a fee award for Mr. Toor in FLSA actions titled *Lowers v. Valley Diagnostic Laboratories, Inc.*, 2:16-cv-02785 (S.D.W.Va. October 20, 2016); *Perkins v. John Skidmore Development, Inc., et al.*, 1:16-cv-0006 (N.D.W.Va. June 1, 2016); *Charles et al. v. State of West Virginia, Offices*

*of the Insurance Commissioner,* 2:16-cv-10334 (S.D.W.Va. December 4, 2018), and; *Mayhew et al. v. Loved Ones in Home Care, LLC*, 2:17-cv-03844 (S.D.W.Va. March 26, 2020)  Thus, Plaintiffs' counsel has satisfied his burden of proving the market rate in the local community for the attorneys' fees sought.

### 6.  The attorney's expectation at the outset of the litigation

Plaintiffs' counsel provided representation on a contingency basis.  However, "[b]ecause an award of attorneys' fees in mandatory under the FLSA, Plaintiffs' counsel expected to receive an award of attorneys' fees under the FLSA if Plaintiffs prevailed in their suit." *Newbanks v. Cellular Sales of Knoxville, Inc.*, 2015 U.S. Dist. LEXIS 191550 at 26 (D.S.C. Feb. 4, 2015).

### 7. The time limitations imposed by the client or circumstances

There were no time limitations imposed by Plaintiffs or the circumstances other than those set by the Court and the Federal Rules.

### 8.  The amount in controversy and the results obtained

The failure of a larger collective class to materialize means the amount in controversy is significantly lower than what Plaintiffs' counsel estimated would be a potential recovery after speaking with a variety of potential plaintiffs in advance of moving for conditional certification.  Given the limited amount in controversy for the single plaintiff with provable claims, this is a satisfactory result with the uncertainty and long duration of this case.

### 9.  The experience, reputation, and ability of the attorneys

Plaintiffs' counsel has substantial experience in wage and hour litigation and employment law in general.  He presently has other FLSA collective actions pending

before this court.

### 10. The undesirability of the case within the legal community in which the suit arose

FLSA cases are a particular flavor of employment law that attract only a limited range of practitioners. Mr. Toor's experience in similar cases continues to generate new FLSA actions for himself while his exposure on the PACER system in these cases has generated requests that he act as local counsel for other FLSA lawyers handling comparable cases in this district. *See, Lupardus v. Elk Energy Services, LLC*, 2:19-cv-00529 (S.D.W.Va.)(Copenhaver, J.).

### 11. The nature and length of the professional relationship with the client

Plaintiffs' counsel began his representation of Plaintiff over two years ago. Although no relationship existed between Plaintiff and counsel prior to this case, Mr. Toor has represented several other employees against Defendant in other employment-related actions.

### 12. Attorneys' fees in similar cases

The rate sought by Plaintiffs' counsel in this case is consistent with the rates that have been awarded by courts in this district in other FLSA cases. *See,* Discussion of Plaintiffs' counsel's other FLSA cases before this court in §2(h)(5) above. Based upon all of the reasons described above, Plaintiffs' counsel's lodestar which continues to rise, is reasonable.

### Conclusion

The parties reached this settlement after over two years of contested litigation, and it resolves a *bona fide* dispute between the parties. The parties engaged in extensive

discovery and analysis of pertinent information and resolved the issues between them with dedication and aggressive representation of each one's respective clients' interests.  The settlement represents a fair and reasonable result for Plaintiff and, by all accounts, is a fair and reasonable compromise of contested issues.  Accordingly, the parties ask the court to approve the proposed settlement.

                                        MELISSA DESKINS
                                        By Counsel

__/s/ *Mark A. Toor*_____
Mark A. Toor (WV Bar#5228)
10 Hale Street, Suite 202
Charleston, WV  25301
304-380-2111
mark@marktoor.com

                                        SOUTHERN WEST VIRGINIA COMMUNITY
                                        AND TECHNICAL COLLEGE
                                        By Counsel

__/s/ *Kenneth E. Webb*_____
Kenneth E. Webb, Jr. (WV Bar #5560)
BOWLES RICE LLP
600 Quarrier Street
PO Box 1386
Charleston, WV  25325-1386
304-347-1100
kwebb@bowlesrice.com