IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**MELISSA DESKINS,**
on behalf of herself and others
similarly situated,
    Plaintiff,

                                                              Civil Action No. 2:18-cv-1109

    v.

**SOUTHERN WEST VIRGINIA COMMUNITY**
**and TECHNICAL COLLEGE**
**Defendant.**

## JOINT STATEMENT OF PROPOSED SETTLEMENT

By order dated October 23, 2020, the court directed the parties to "jointly file with the court their proposed settlement." The purpose of the court's directive is to permit the court to scrutinize the fairness of the proposed settlement to comply with the court's obligation to supervise any settlement or resolution of claims under the Fair Labor Standards Act ("FLSA"). *See, Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1987). No separate settlement agreement or release of claims addresses the parties' settlement; rather, section 2(a) of the parties' Joint Motion to Approve Settlement (Doc. No. 53, p. 5) outlines the general terms of the settlement. This statement expands on the terms of the settlement to permit proper scrutiny by the court.

## AGREED SETTLEMENT TERMS

Defendant has agreed to pay an amount of $20,000 to settle this case. Of that sum, the named Plaintiff, Melissa Deskins, would receive $11,000 to compensate her for her claims of unpaid overtime wages. FLSA settlements reflect monies paid for claims of unpaid wages; as such, Defendant will temporarily reactivate Plaintiff Deskins as an

employee (or use some other means) in order to produce a settlement check to Plaintiff in which the withholdings and taxes normally assessed against a payroll check are withheld from Plaintiff's share and the employer's portion of those assessments is contributed by Defendant.

In a very early effort to settle the claims of Plaintiff Deskins before she filed this case, counsel calculated her unpaid wages based on her estimates of overtime work she regularly performed and forwarded that figure to Defendant's counsel.  At the time (and before any discovery was exchanged), Plaintiff's counsel estimated she had worked overtime on an annual basis equal to about $4,000 of wages that had not been paid. The early settlement figure Plaintiff proposed included this calculation multiplied by factors of two (to account for liquidated damages) and again by three (to account for a statute of limitations/recovery period of three years); it also included an enhancement to account for attorney fees.  In mid-2018—before any case was filed—Defendant rejected Plaintiff's proposal to settle her individual claims of unpaid overtime for $32,000.

With Defendant's rejection of the early settlement effort, Plaintiff filed the FLSA action, followed in short order by a motion seeking conditional certification as a FLSA collective.  Despite several conversations between Plaintiff's counsel and other, non-exempt employees of Defendant who claimed to be working uncompensated overtime both before and after the filing of the motion to certify a collective, only one other individual filed a consent to opt-in to the FLSA action; a former employee who no longer had any connection with Defendant.  The addition of only one more plaintiff significantly

impacted the value of the collective aspect of the case.

The $11,000 settlement sum the parties propose Plaintiff to receive represents a compromise figure taking into account what she calculates she is owed for unpaid work and what she could reasonably expect to prove to a jury based on the best available evidence of those uncompensated work hours; after-hours e-mail traffic documenting time she was working for which she was never paid.  The e-mails produced in discovery relative to the opt-in plaintiff, Jennifer Alfrey, failed to reveal any significant time or patterns that would support a claim to unpaid overtime wages and she voluntarily accepts a dismissal of her claims as part of the settlement.  The portion of the settlement dedicated to compensating for the claims of unpaid overtime work is, therefore, a reasonable compromise of Plaintiff's contested claims intended to limit the cost of additional litigation.

The remaining $9,000 of the settlement sum will compensate Plaintiff's counsel for his work on the case.  The attached (redacted) detailed bill documents counsel's 90+ hours dedicated to the case together with over $1,000 in expenses.  Counsel readily accepts substantially less than the lodestar figure for his fees/expenses (about $33,500) in recognition of the failure of any substantial class of employees and former employees to opt-in to assert their own claims under the collective umbrella.

Both Plaintiffs recognize and understand the entry by the court of an order approving the settlement will foreclose any future effort to pursue claims that could have been

pursued in this action.  Similarly, the notice approved by the court in late 2019 for distribution to all potential collective class members warns **in bold type** that claims not asserted in the collective "***may lose value with the passage of time***."  Absent a continuation of the offending practice of discouraging employees from recording and reporting overtime hours worked after Plaintiff's May 2018 termination, then, the claims of any other of Defendant's non-exempt workforce should all be time-barred upon the expiration of the three-year recovery period in May 2021.  In other words, this settlement should also bring complete closure to any other FLSA claims against Defendant.

Respectfully submitted.

                                      MELISSA DESKINS
                                      By Counsel

__/s/ *Mark A. Toor*_____
Mark A. Toor (WV Bar#5228)
10 Hale Street, Suite 202
Charleston, WV  25301
304-380-2111
mark@marktoor.com

                                      SOUTHERN WEST VIRGINIA COMMUNITY AND TECHNICAL COLLEGE
                                      By Counsel

__/s/ *Kenneth E. Webb* (with permission)
Kenneth E. Webb, Jr. (WV Bar #5560)
BOWLES RICE LLP
600 Quarrier Street
PO Box 1386
Charleston, WV  25325-1386
304-347-1100
kwebb@bowlesrice.com