```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**MELISSA DESKINS,**

        Plaintiff,

v.                                           Civil Action No. 2:18-cv-01109

**SOUTHERN WEST VIRGINIA**
**COMMUNITY AND TECHNICAL COLLEGE,**

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the parties' joint motion to approve settlement, filed August 27, 2020 (ECF No. 53).

### I. Background

The named plaintiff, Melissa Deskins, commenced this action on or about May 29, 2018, in Kanawha County circuit court to recover unpaid overtime wages from her former employer, Defendant Southern West Virginia Community and Technical College, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., on behalf of herself and others similarly situated. See ECF No. 2-1 at 2-8. Her complaint alleges that she and other employees consistently worked in excess of forty hours per workweek without being compensated on the basis of one-and-a-half times the regular hourly rate; that these

excessive hours were not recorded; and that the defendant knowingly permitted her and others to work these excessive hours while failing to pay the required overtime rates. See id. at 6-7.

On August 22, 2019, the court conditionally certified this matter as a collective action, pursuant to 29 U.S.C. § 216(b), with the class "consisting of all non-exempt, full-time employees who have worked for defendant at any time during the three years preceding [May 29, 2018]." ECF No. 13 at 19; see ECF No. 51. Thereafter, the court approved the notice of collective action, which the parties had agreed to, and the named plaintiff disseminated the notice to eighty potential class members identified by the defendant. See ECF No. 13 at 19–20; ECF No. 24; ECF No. 53 at 2. Only one additional opt-in plaintiff, Jennifer Alfrey, consented to pursue her claims through this collective action and agreed to be represented by the named plaintiff's counsel. See ECF No. 25; ECF No. 51. However, following discovery, Alfrey, along with the parties, agrees that she has no basis to assert a claim for unpaid overtime wages and seeks, through the current motion, to dismiss her claims with prejudice. See ECF No. 53 at 2 n.1, 8.

The parties proceeded through roughly seven months of discovery. See ECF No. 24; ECF No. 41. After discovery had

concluded, the parties jointly filed the current motion to approve settlement. See ECF No. 53. By order entered October 23, 2020, the court directed the parties to jointly file their proposed settlement with the court. See ECF No. 54. In a joint statement responding to that order, the parties explained that they have not entered into a written agreement regarding settlement; instead, their joint motion, along with their joint statement, sets forth the terms of their proposed settlement. See ECF No. 55 at 1.

The parties have agreed to settle for a total sum of $20,000.00, of which $9,000.00 is to be paid for fees and expenses to the plaintiffs' counsel. See ECF No. 53 at 5; ECF No. 55 at 1, 3. The named plaintiff would receive the $11,000.00 balance to compensate her for her claim of unpaid overtime wages; however, the defendant would temporarily reactivate her employment (or use some equivalent means) in order to provide her a check for less than that amount, after withholdings and taxes are assessed. See ECF No. 55 at 1-2. The parties state that the $11,000.00 amount represents a compromise figure accounting for what the named plaintiff calculates she is owed in unpaid overtime wages and liquidated damages and what the parties expect she could reasonably prove

to a jury.[1]  See ECF No. 53 at 5; ECF No. 55 at 2-3.  Both the plaintiffs state they understand that the court's approval of the proposed settlement would foreclose their ability to further pursue claims they raised or could have raised in this action.  See ECF No. 55 at 3–4.

## II.  Legal Standard

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."  Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66, 69 (2013).  Doing so would thwart the purpose of the FLSA, which is "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981) (brackets omitted) (quoting 42 U.S.C. § 202(a)).  Consequently, FLSA claims for back wages can be settled in two ways, only one of which is relevant here:  "When employees bring

---

[1] Based on information available prior to discovery, the plaintiffs' counsel estimated that the maximum amount the named plaintiff could recover, including back wages, liquidated damages, and attorney's fees and costs, was $32,000.00.  See ECF No. 55 at 2.  The $20,000.00 settlement amount thus represents 62.5% of the maximum estimated value of the named plaintiff's claim.

4

a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); Jarrard v. Se. Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

Because the Fourth Circuit has not yet had occasion to endorse a standard for approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." Hackett v. ADF Rest. Invs., 259 F. Supp. 3d 360, 365 (D. Md. 2016) (internal quotation marks omitted). Thus, courts have stated that:

> The settlement must reflect a fair and reasonable resolution of a bona fide dispute over FLSA provisions, which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from [Fed. R. Civ. P.] 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.

Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (internal quotation marks and brackets omitted); see also Lynn's Food Stores, 679 F.2d at 1355. "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can

5

protect [her] rights under the statute.'" Id. (quoting Lynn's Food Stores, 679 F.2d at 1354).

### III. Discussion

A.  *Bona Fide* Dispute

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement . . . ." Id.

With respect to the named plaintiff, the FLSA issues here are actually in dispute. The named plaintiff claims that she is owed unpaid overtime wages, liquidated damages, and interest, and the defendant denies these allegations. See ECF No. 2-1 at 5–7; ECF No. 1 at 24. In the parties' joint motion, the named plaintiff maintains that discovery revealed voluminous evidence of unrecorded overtime hours the defendant permitted her to work without paying her the required overtime rate, while the defendant contends that the evidence is insufficient to show anything more than de minimis after-hours work and that it compensated the named plaintiff at the required rate for any overtime hours she recorded. See ECF No. 53 at 4.

With respect to the opt-in plaintiff, there are no FLSA issues in dispute, as all parties agree that discovery

6

revealed insufficient evidence to support her claim for unpaid overtime wages. See id. at 2 n.1, 8; ECF No. 55 at 3. Therefore, the court agrees with the parties that a dismissal with prejudice of the opt-in plaintiff's claims is proper pursuant to Fed. R. Civ. P. 41(a)(2).

B.  Fairness and Reasonableness

Next, the court turns to the relevant factors from Rule 23's assessment for fairness and reasonableness. Those factors include:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

Kirkpatrick v. Cardinal Innovations Healthcare Sols., 352 F. Supp. 3d 499, 502–03 (M.D.N.C. 2018); accord Patel v. Barot, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014).

Regarding the first and second factors: The parties have had the opportunity to conduct and complete discovery in this matter. Because the named plaintiff claims her uncompensated overtime hours were never recorded, much of the discovery was aimed at reconstructing her working hours through second-hand means, such as retrieving and reviewing her e-mail

traffic. See ECF No. 53 at 5. The parties agree that this effort "was a complicated and costly process that yielded inconclusive results" and "that no amount of additional discovery is likely to resolve the remaining disputes as to actual hours worked." Id.; see Flinn v. FMC Corp., 528 F.2d 1169, 1173 (4th Cir. 1975) ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement." (footnote omitted)). The parties litigated this matter thoroughly, filing various motions, arguing conditional-certification and statute-of-limitations issues, attending and preparing for scheduling and pretrial conferences, and conducting several depositions. Given the volume of evidence produced in discovery, the parties agree that they would face "difficulty and complexity" in creating an "after the after-the-fact reconstruction of actual overtime hours [the named] [p]laintiff may have worked without proper compensation." Id. at 4. These factors would increase the duration and expense of litigation, while at the same time, the parties note, the absence of additional opt-in plaintiffs limits the potential amount of recovery at issue.

As to the remaining factors: There is no evidence or indication of fraud or collusion. Neither side has abandoned

8

its litigation position, and the settlement appears to be the result of arms-length negotiation. The plaintiffs' counsel has extensive experience in wage and hour litigation, and he competently pursued this action. Although both parties maintain some confidence in their respective positions, they agree that they would face difficulty in presenting the evidence disclosed in discovery to a jury and that the costs of additional litigation are not justified in these circumstances. Further, counsel for both parties agree that, given the uncertainties involved in this case, the settlement amount is "fair and reasonable" in relation to the potential recovery. Id. at 4, 6-8, 14.

Having considered the relevant factors, the court finds that the proposed settlement is fair and reasonable.

C. Attorney's Fees

Under the FLSA, a prevailing plaintiff is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009); Randolph v. Powercomm Constr., Inc., 715 F. App'x 227, 230 (4th Cir.

2017) (applying lodestar method to attorney fees request under FLSA). To ascertain a fee's reasonableness in terms of hours expended and the rate charged, the Fourth Circuit has applied the following factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

McAfee v. Boczar, 738 F.3d 81, 88 n.5 (4th Cir. 2013) (quoting Johnson v. Ga. Highway Express Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)). Second, "the court must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Id. at 88 (internal quotation marks omitted). And third, "the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id. (internal quotation marks omitted).

The plaintiffs' counsel estimates the lodestar figure to be roughly $33,500.00, see ECF No. 55 at 3, and substantiates this amount with an itemized invoice detailing the hours worked at a rate of $350.00 per hour, see ECF No. 55-1. In light of

10

the factors set forth above—particularly the time and labor counsel expended on the case; counsel's skill, experience, reputation, and ability; counsel's customary fee for similar work, see Mayhew v. Loved Ones In Home Care, LLC, No. 2:17-cv-03844, 2020 WL 1492542, at *4 (S.D.W. Va. March 26, 2020); the fee awards in similar cases; and the amount in controversy and results obtained—the court determines that the figure provided by counsel is a reasonable estimate of the lodestar amount.[2]

Next, the court must subtract from the lodestar amount fees for hours spent on unsuccessful claims unrelated to successful ones.  See McAfee, 738 F.3d at 88.  It is not clear whether counsel's fees related to class certification, notification, and the opt-in plaintiff's claims should be subtracted when, as here, no opt-in class member succeeded on a claim.  After reviewing the plaintiffs' counsel's invoice, it appears that, at most, roughly $9,100.00 in fees and expenses might be subtracted for hours spent on this work.[3]  See ECF No.

---

[2] Because the fee amount proposed by the settlement represents a large reduction from counsel's estimated lodestar figure, the court need not determine the lodestar amount with exacting precision.  Even if the lodestar amount were substantially lower, the court would still conclude that the settlement fee amount is reasonable.

[3] The actual amount is likely substantially less, as the $9,100.00 figure is derived from line items that include hours spent on both matters that might be characterized as relating to

11

55-1. Subtracting this amount from the lodestar produces a remaining amount of $24,400.00.

Lastly, the court should award some percentage of the remaining amount, depending on the degree of the plaintiff's success. See McAfee, 738 F.3d at 88. Here, although the $9,000.00 fee proposed by the settlement is high compared to the total $20,000.00 award, it represents a significantly reduced reimbursement from the roughly $24,400.00 the court estimates that the plaintiffs' counsel incurred pursuing the successful claim on behalf of the named plaintiff. See Underwood v. KS Transp., Inc., No. 2:17-cv-02522, 2019 WL 1119637, at *3 (S.D.W. Va. March 11, 2019) (finding that $2,500.00 fee award, which constitutes 50% of the total FLSA settlement amount," was fair and reasonable because, though it was a high percentage of the total amount, "represents a reduced reimbursement . . . in light of counsel's" extensive efforts in litigation). The court concludes that the $9,000.00 figure represents a reasonable percentage of the remaining amount.

Accordingly, the court finds that the award of attorney's fees contemplated by the proposed settlement is

---

unsuccessful claims and matters that are clearly related to the successful claim. See ECF No. 55-1.

reasonable.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the parties' joint motion to approve settlement (ECF No. 53) be, and hereby it is, granted. It is further ORDERED that this action be, and hereby it is, dismissed with prejudice and removed from the court's docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: November 2, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge